**Lynden Mark RHODEN, Petitioner–Appellant,**

v.

**Janet RENO, U.S. Attorney General, et al., Respondents–Appellees.**

No. 00–2411.

United States Court of Appeals, Second Circuit.

March 5, 2001.

Lynden Mark Rhoden, Oakdale, LA, pro se.

Varuni Nelson, Assistant United States Attorney; Loretta E. Lynch, United States Attorney for the Eastern District of New York, Patrick Shen, Special Assistant United States Attorney, on the brief, Brooklyn, NY, for respondents-appellees.

Present WINTER, McLAUGHLIN, and POOLER, Circuit Judges.

SUMMARY ORDER

ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court be and it hereby is AFFIRMED.

Rhoden appeals from the June 19, 2000, judgment of the United States District Court for the Eastern District of New York (Gleeson, *J.*) denying the petition of Lynden Mark Rhoden for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. In his petition, Rhoden sought release from immigration detention and the opportunity to apply for a waiver of deportation under the former 8 U.S.C. § 1182(c), which was repealed by the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA"), and 8 U.S.C. § 1182(h). On appeal, Rhoden raises a new argument and seeks suspension of deportation pursuant to the former 8 U.S.C. § 1254(a)(1), which the IIRIRA also repealed. None of Rhoden's various claims has merit. It is undisputed that Rhoden did not pursue his claims with the Board of Immigration Appeals before fil-

ing his petition in federal court. The district court correctly held that Rhoden failed to exhaust his administrative remedies as 8 U.S.C. § 1252(d)(1) requires. The district court, looking to the merits of the petition before it, correctly held that the IIRIRA repealed Section 1182(c) before the time of Rhoden's arrest, making the relief unavailable to him. Furthermore, the district court correctly held that Rhoden was not entitled to relief under Section 1182(h), which by its terms did not apply to Rhoden because he was convicted of importing cocaine. Looking to Rhoden's new argument on appeal, we hold that Section 1254(a)(1) is not available to Rhoden because it was repealed. The relief that the IIRIRA created in its place, 8 U.S.C. § 1229b(b)(1) by its terms does not apply to Rhoden.

We have considered all of defendant-appellant's remaining arguments and find them to be without merit.